# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

JEROME YARN, JR.,

*Plaintiff-Appellee,*

v.

E. B. THOMAS; EDWARD KIMBLE;
SERGEANT HINNANT,

*Defendants-Appellants.*

No. 01-6754

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CA-99-375-BR)

Argued: December 4, 2001

Decided: January 14, 2002

Before WILKINSON, Chief Judge, and WILLIAMS and
GREGORY, Circuit Judges.

Dismissed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Deborrah Lynn Newton, Assistant Attorney General,
NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North
Carolina, for Appellants. Richard Edmond Giroux, NORTH CARO-
LINA PRISONER LEGAL SERVICES, INC., Raleigh, North Caro-
lina, for Appellee. **ON BRIEF:** Roy Cooper, Attorney General,
NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North
Carolina, for Appellants.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Inmate Jerome Yarn filed an action under 42 U.S.C. § 1983, alleging excessive use of force by correctional officers in violation of the Eighth Amendment. The district court denied the officers' motion for summary judgment on Yarn's claim and on the issue of qualified immunity. The officers bring this interlocutory appeal. For the reasons that follow, we dismiss the appeal.

Jerome Yarn alleges that, without any justification whatever, a correctional officer punched him in the face, after which another officer pushed his head into the sally-port door window, resulting in a gash in his left eye. Yarn also contends that he fell to the floor after his head was again pushed into the window, and that the officers began kicking him. The officers deny these accusations and maintain they applied a reasonable degree of force to prevent an assault on an officer and to restore order to the cellblock.

The "core judicial inquiry" in evaluating Yarn's claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Relevant considerations include the extent of injury inflicted, the need to use force, the relationship between that need and the amount of force used, the threat "'reasonably perceived by the responsible officials,'" and "'any efforts made to temper the severity of a forceful response.'" *Id.* at 7 (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)).

In endeavoring to apply these factors, the only undisputed facts we can identify are: Yarn did not strike or verbally threaten any of the officers; he had a laceration to his lower left eyebrow roughly 1.5 inches long which was not bleeding; he had slight abrasions to both wrists; his vision was clear with 20/20 acuity; and he received three sutures in his left eyebrow, a Tetanus shot, and Motrin for pain.

The disputed facts, by contrast, are legion. We are not clear about the context giving rise to Yarn's injuries. In particular, we do not know the extent, if any, to which Yarn provoked the officers. We also cannot determine the amount of force actually used against Yarn. And the two sides dispute the severity and duration of his injuries. The answers to all of these questions are unknown to us.

Thus, a plethora of disputed issues of material fact leaves us with a very limited understanding of the incident in question. A case in this murky posture is not properly resolved on interlocutory appeal. *See Johnson v. Jones*, 515 U.S. 304, 307 (1995). For the foregoing reasons, the officers' appeal is hereby

*DISMISSED*.